UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DAVIS,

    Plaintiff,                                    Case No. 2:16-cv-10607

v.                                                  HONORABLE STEPHEN J. MURPHY, III

PSCU INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO TRANSFER CASE (document no. 9)

The instant case possesses a complex procedural posture. Plaintiff Larry Davis originally filed his Complaint on February 18, 2016. ECF No. 1. On March 1, Davis submitted a Motion to Certify Class. ECF No. 3. On March 30, Defendant PSCU Inc. ("PSCU") filed a motion to transfer the case to the Middle District of Florida. ECF No. 9. Davis responded to the transfer motion on April 18. As PSCU's deadline to respond to the class certification motion approached, it filed a Motion to Stay all deadlines in the case until the Court had ruled on its motion to transfer. ECF No. 13. The Court never granted PSCU's Motion to Stay, and the class certification response deadline passed without a filing. Davis therefore filed a Motion to Show Cause why his class certification motion should not be granted in light of PSCU's failure to respond. ECF No. 16. The parties also provided ancillary briefing regarding these issues. ECF Nos. 12, 14, 15, 17, 18.

The Court is not pleased with the parties' litigation up to this point, and is of the opinion that much of the complexity and confusion of the case could have been avoided with a modicum of cooperation between the parties. That said, the Court will rule as follows: the case will be transferred to the Middle District of Florida, and the Court will refrain from deciding PSCU's Motion to Stay and Davis' show cause motion. It will be for the Middle

District of Florida to determine how it wishes to address PSCU's failure to respond to the motion to certify class.

## BACKGROUND

PSCU is a financial services company headquartered in St. Petersburg, Florida. Compl. ¶¶ 2, 6, ECF No. 1. It operates three call centers in the United States: in St. Petersburg, Florida; Phoenix, Arizona; and Allen Park, Michigan. *Id.* ¶ 6. Davis is a resident of Arizona, and worked at PSCU's Phoenix call center for three months in the fall of 2015. *Id.* ¶ 39. Davis alleges that PSCU "does not compensate its customer service representatives for all work performed," because it "would not pay its customer service representatives until they completed a lengthy login and boot-up process on their computers." *Id.* ¶ 9–10. According to Davis, this means that "Plaintiff and all other Class members worked at least 12-45 minutes each per shift for which they were never compensated." *Id.* ¶ 17. Shortly after filing his Complaint, Davis also filed a Motion to Certify Class on behalf of "[a]ll similarly situated current and former hourly call center based customer service representatives who worked for Defendant at any time during the last three years." Mot. Cert. 1, ECF No. 3.

PSCU filed an Answer and a Motion to Transfer Case to the Middle District of Florida. ECF Nos. 5, 9. PSCU claimed that the Middle District of Florida was the most appropriate venue, because the "subject decision-making" occurred and key witnesses reside in St. Petersburg. Mot. Transfer 1–2, ECF No. 9. PSCU also submitted an affidavit from the manager of its Employee Relations Department listing the potential witnesses residing in Flordia. Kaspar Aff., ECF No. 9-3. As Davis is an Arizona resident, PSCU argued, whether

the case takes place in Michigan or Florida is essentially immaterial to his interests. Mot. Transfer 7–8, ECF No. 9.

Davis filed a response to the Motion to Transfer. ECF No. 12. Davis first argued that the proposed class was nation-wide, and therefore would include Michigan residents if certified. *Id.* at 1. Second, Davis argued that a second plaintiff, named Ca'non Jones, filed a related action on the same day as Davis' Response in the Eastern District of Michigan (the two plaintiffs share the same counsel; *see* Case No. 2:16-cv-11387). *Id.* Davis did not deny that key witnesses and operative facts occurred in Florida, but claimed that with Jones filing a parallel case in the district, the Court should refuse to transfer Davis' case, because the two would be consolidated should the Court deny PSCU's Motion to Transfer. *Id.* at 3.

As noted above, PSCU then filed a Motion to Stay consideration of the Motion to Certify until after the Court had decided its Motion to Transfer. ECF No. 13. The Court never approved the Motion to Stay, and PSCU never filed a Response to the Motion to Certify Class. Davis, therefore, filed a Motion for Order to Show Cause why his motion to certify should not be granted. ECF No. 16.

**STANDARD OF REVIEW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.,* 860 F. Supp. 393, 398 (E.D. Mich. 1994). In ruling on a

§ 1404(a) motion, the Court should consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

## DISCUSSION

The Court will grant PSCU's Motion to Transfer, because an analysis of § 1404(a) and the relevant caselaw, applied to the facts, demonstrates that transfer is appropriate. Davis' arguments to the contrary are not compelling.

Section 1404(a) allows the Court, "[f]or the convenience of parties and witnesses, in the interest of justice, [to] transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The case could have been brought in the Middle District of Florida. Davis is an Arizona resident, and PSCU is headquartered and has its nerve center in St. Petersburg. Thus, diversity jurisdiction would exist and the Middle District of Florida would have personal jurisdiction over PSCU. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). It is apparent that the case could have been brought originally in the Middle District of Florida.

The convenience of parties is better served by transferring the venue to Florida from Michigan. PSCU has provided uncontroverted evidence that a number of key witnesses and documentary evidence are located in Florida, as is its headquarters and nerve center. And as an Arizona resident, Davis has not demonstrated any reason why Michigan would be more convenient for him than Florida. In fact, it is only Davis' counsel for whom Michigan

is particularly convenient. But the convenience of counsel (as opposed to parties) is not a criterion for determining venue under the law.

Finally, the interests of justice do not weigh in favor of venue in Michigan. Moving the case to Florida will not violate systemic integrity or call the litigation's fairness into question. Davis claims that (1) he has moved for class certification on a nationwide basis which, if granted, would result in hundreds of Michigan-based plaintiffs and (2) that Ca'non Jones' recently filed case in the Eastern District of Michigan weighs against transferring the instant case. Davis' arguments are not compelling.

First, it is true that Davis' motion for class certification is still pending. ECF No. 3. But this does not affect the Court's decision-making on a motion to transfer. Because the Court cannot predict where the greatest number of class members might eventually hail from, it would be premature to determine that Michigan — or any venue — is the most convenient based solely on the putative class allegations.

Second, Ca'non Jones' filing of suit does not convince the Court to keep Davis' case here. If anything, the blatant gamesmanship of the filing suggests that Davis and his counsel knew that the arguments for retaining venue were weak. On the same day Davis filed his response to PSCU's motion to transfer, Ca'non Jones' case was filed; Jones and Davis share the same counsel and their claims essentially mirror each other. Resp., ECF No. 12; Case No. 2:16-cv-11387, Compl., ECF No. 1. Davis even stated that should the Court deny the motion to transfer, his counsel would move to consolidate the cases. Resp. 3, ECF No. 12. Davis argued that if the Court granted PSCU's motion to transfer, Davis and Jones would risk inconsistent results on their charges. *Id.* The argument is not compelling, because any risk of inconsistency would be entirely the result of Davis' counsel's litigation

strategy, and his attempt to hamstring the Court's decision-making ability by filing a parallel suit with a Michigan-based plaintiff. For these reasons, the Court finds that transfer would not harm the interests of justice.

Finally, Davis argues that, as plaintiff, his choice of forum should weigh heavily against transfer. *Id.* 2–3. It is true that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). But this deference is greater when the plaintiff has chosen his home forum — in this case, Arizona — over a foreign venue. "[A] foreign plaintiff's choice deserves less deference" because it is less reasonable to assume that the foreign venue is convenient. *Id.* at 256. For all of the reasons listed above, the diminished deference accorded to Davis' choice of Michigan is overcome by the evidence indicating that a great deal of the relevant documents and testimony are located in Florida.

## CONCLUSION

The Court will grant PSCU's Motion to Transfer Venue to the Middle District of Florida. That court will have the opportunity to rule on the outstanding motions to stay, for show cause, and for class certification. Davis' counsel can choose whether to litigate Ca'non Jones' case in the Eastern District of Michigan or join with Davis' case in Florida.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Transfer Case (document no. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **TRANSFERRED** to the Middle District of Florida.

**SO ORDERED**.

                    s/Stephen J. Murphy, III  
                    STEPHEN J. MURPHY, III  
                    United States District Judge

Dated: July 19, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 19, 2016, by electronic and/or ordinary mail.

                    s/Carol Cohron  
                    Case Manager